UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

STATE OF LOUISIANA

| | | |
|---|---|---|
| JONATHAN MOSS | ) | Civil Action No. |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| CB&I GROUP, INC. | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

---

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008 (ADA), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Jonathan Moss ("Moss"), who was adversely affected by such practices.  As alleged with greater particularity below, Moss alleges that Defendant, CB&I Group, Inc. ("Defendant" or "CB&I") failed to hire Moss because he is a recovering drug addict participating in a supervised rehabilitation program.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Louisiana.

## PARTIES

3. Plaintiff, Jonathan Moss, is an individual of the full age of capacity, who was offered employment by the Defendant.

4.  At all relevant times, Defendant has continuously been a corporation doing business in the State of Louisiana and the City of Sulphur, Louisiana, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.  At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.      Moss filed a charge of discrimination with the EEOC alleging violations of Title I of the ADA by Defendant.

8.      On September 28, 2018, the EEOC issued a Notice of Suit Rights to Moss (See Exhibit A).

9.      All conditions precedent to the initiation of this lawsuit have been fulfilled.

10.     Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112(a) by failing to hire Moss as a pipefitter foreman because he is a recovering drug addict participating in a supervised rehabilitation program.

    a.  Moss is a recovering drug addict who has been enrolled in a supervised medication-assisted treatment programs (MAT) since at least 2014.  He has not used opioids since that time and undergoes such treatment to prevent relapse.  His use of Buprenorphine ("Subutex") is directly related to the treatment of his addiction.

    b.  Prior to enrolling in the treatment program, Moss was dependent on opioids (e.g., hydrocodone and oxycodone) for approximately five years. His addiction interfered with several major life activities including his ability to concentrate and think clearly, his ability to eat and sleep regularly, and his impeded his interactions with others, including his family.

    c.  From 2014 to 2015, while enrolled in the MAT program, Moss worked as a pipefitter foreman with a previous employer with no issues regarding his medication.  From February of 2015 to May of 2016, Moss worked as a pipefitter for a previous employer with no issues regarding his medication.  From May of

2016 to August 2017, Moss worked as a pipefitter foreman with no issues regarding his medication.   All of these positions required him to do the same or similar duties as the pipefitter foreman position he was offered with CB&I.

d.  On or around February 23, 2018, Moss was called by a representative of CB&I and offered a position as a pipefitter foreman in Westlake, Louisiana.  A recruiter told Moss that he would need to pass a craft test and drug screen upon arrival. Therefore, Moss, along with his wife and two-year-old daughter, drove from Missouri to Louisiana to relocate for the position.  On or around March 5, 2018, Moss passed the craft test, and he took a drug screen.  When the Subutex showed up in the drug screen, the sample was sent to a lab, in which seven days later, the test was cleared since he had a valid prescription.  Moss was then instructed to take a form to Prime Occupational Clinic to have the company's doctor perform a physical.

e.  On or around March 12, 2018, Moss went to Prime Occupational for the physical. When the doctor walked in the room, she asked Moss about why he was taking Subutex and for how long.  Moss responded to the doctor that he had been taking this medicine for about four years.  The doctor then stated that she was putting him on a restriction that he could not do anything high up that would require him to tie-off because he may forget to tie himself off since he takes Subutex.  Moss proceeded to tell the doctor that he has never had any issues with his medicine. Moss told the doctor that his own doctor has never put any restrictions on him due to this medicine.  The doctor responded that if Moss can come back in three

months and prove that he is no longer seeing a doctor for medication-assisted

therapy and is no longer taking Subutex, then he can be cleared.

f.    On March 21, 2018, Moss was called by the CB&I office in Sulphur, Louisiana

and informed that he was no longer offered the job because he would need to be

able to check on his employees that work for him and would not be able to do so

while taking Subutex.

11.  At all relevant times, Moss was qualified to perform the essential functions of

Defendant's pipefitter foreman position and had worked in the same field numerous times while in

medication assisted therapy, with no issues.

12.  Defendant failed to conduct an individualized assessment prior to rescinding Moss's job

offer. The assessment would have helped determine what effect, if any, the Subutex had on Moss's

ability to perform his job duties. Such alleged conduct violates the Americans with Disabilities Act

(ADA), which prohibits discrimination based on disability.

13.  At all relevant times, Moss was a person with an actual disability as defined in 42

U.S.C 12102(2).

14.  At all relevant times, Moss had a record of a disability based upon his five-year drug

addiction.

15.  At all relevant times, Defendant regarded Moss as having a disability based on his

use of Subutex.

16.  The effect of the practices complained of in paragraphs 10 above has been to deprive

Moss of equal employment opportunities and otherwise adversely affect his rights under the ADA

resulting in lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment,

frustration, humiliation, and loss of enjoyment of life, because of his actual disability, record of disability, and being regarded as having a disability.

17.  The unlawful employment practices complained of in paragraph 10 above were intentional.

18.  The unlawful employment practices complained of in paragraphs 10 above were done with malice or with reckless indifference to the federally protected rights of Moss.

## PRAYER FOR RELIEF

Wherefore, Jonathan Moss respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability;

B.      Order Defendant to institute and carry out policies, practices, and programs that eradicate the effects of its past and present unlawful employment practices;

C.      Order Defendant to make Moss whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and reinstatement;

D.      Order Defendant to make Moss whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to any job search expenses, relocation expenses, and other pecuniary losses, in amounts to be determined at trial;

E.      Order Defendant to make Moss whole by providing compensation for past and

future nonpecuniary losses resulting from the unlawful practices complained of above, including

pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of

self-esteem, and humiliation, in amounts to be determined at trial;

      F.      Order Defendant to pay Moss punitive damages for its malicious and reckless

conduct, as described above, in an amount to be determined at trial;

      G.      Grant such further relief as the Court deems necessary and proper in the public

interest; and

      H.      Award Plaintiff his reasonable attorney's fees and costs of this action.

Respectfully submitted,

*s/Amanda Hilgendorf*
Amanda Hilgendorf No. 35492
**MILLER,HAMPTON, & HILGENDORF**
3960 Government Street
Baton Rouge, LA 70806
Telephone:    (225) 343-2205
Facsimile:    (225) 343-2870
Email:       amanda@mlhlaw.com